IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAM R. ABBOTT | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-35 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William R. Abbott, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition for writ of habeas corpus.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Petitioner filed this action under Federal Rule of Civil Procedure 60(b)(6). Because Rule 60(b) does not provide for relief from a criminal judgment, the Magistrate Judge liberally construed

the action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. This Court has jurisdiction to consider a § 2241 petition because petitioner is confined in this district. Petitioner objects to the recharacterization of the action, however this Court only would have jurisdiction if it is a § 2241 petition. The Court lacks jurisdiction to consider either a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 or a motion in the criminal case, because the judgment was entered in the United States District Court for the Eastern District of Virginia. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that the sentencing court is the only court with jurisdiction over a motion to vacate, set aside or correct sentence brought under 28 U.S.C. § 2255).

Petitioner also contends the Court must consider the merits of the petition, regardless of how the action is characterized. This Court is bound by circuit precedent, which holds that the savings clause of § 2255, which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, petitioner failed to meet either prong of the *Reyes-Requena* test. Petitioner's claims do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, petitioner's grounds for review are not based on a retroactively applicable Supreme Court decision, and they were not foreclosed at the time of trial.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 3rd day of November, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE